IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

RAYMOND LUMSDEN, ET AL., §
§
*Plaintiff,* §
§
vs. § **Civil Action**
§ **No. SA-19-CA-25-OLG**
T.D.C.J. DIRECTOR LORIE DAVIS, §
ET AL., §
§
*Defendants.* §

# O R D E R

Before the Court is Plaintiffs' 42 U.S.C. § 1983 Civil Rights Complaint [#1]. The Court has determined Defendants shall be served and required to answer Plaintiffs' § 1983 Complaint.

**IT IS THEREFORE ORDERED**:

**1. Service on Defendants**: The Clerk of Court shall prepare and issue summonses directed to Defendants and forward the same, together with a copy of the Complaint [Entry # 1] and a copy of this Order, to Gloria.chandler@oag.texas.gov, leddocket@oag.texas.gov, and Elizabeth.mejia@oag.texas.gov. Defendants represented by the Attorney General's office shall have 40 days from the date on which this Order is received to answer or otherwise plead in response to plaintiff's claims. Such responsive pleading shall constitute consent in writing to be served by electronic means, as well as waiver of service. If any defendant chooses not to accept service through or be represented by the Attorney General's office (or cannot be located by the Attorney General's office within the required time period), the Attorney General shall file an Advisory to that effect, and submit the defendant's last known address under seal, whereupon the Court shall order personal service on that defendant.

2. **Each Plaintiff Must Sign Each of the Documents Filed By Plaintiffs**: Because the Plaintiffs are proceeding jointly, all of the Plaintiffs' filings must be signed jointly by each Plaintiff (as was the original complaint). If an individual plaintiff fails to sign a document filed by and on behalf of the plaintiffs this Court may considered this a basis for dismissing that plaintiff for failure to prosecute or comply with this Court's order pursuant to Fed. R. Civ. P. 41(b).

3. **Exhaustion of Administrative Remedies:** Title 42 U.S.C. § 1997e requires that state prisoners must exhaust prison administrative grievance procedures before seeking federal relief in civil rights cases. Defendants should address whether dismissal of a Plaintiff's claims for failure to exhaust administrative remedies is appropriate. If a motion to dismiss is appropriate, Defendants shall file the motion within sixty (60) days of entry of this Order. The motion shall

contain copies of all grievances submitted by Plaintiffs regarding the incidents alleged in Plaintiffs' civil rights complaint. If Defendants file a motion to dismiss for failure to exhaust administrative remedies, Plaintiffs may file a reply within ten (10) days thereafter.

      4. **Duty to Inform Court of Change of Address:** Each Plaintiff shall immediately notify the Clerk in writing of any change of address. A Plaintiff shall caption any such advisories as "Notice to the Court of Change of Address" and not include any motions or other matters in such notice. Failure by a Plaintiff to furnish the Court notice of a change of address may result in dismissal of that Plaintiff's claims.

      5. **Case Referred to a U.S. Magistrate Judge for Report and Recommendation:** Prisoner civil rights complaints filed in this District are referred to a Magistrate Judge for non-dispositive pre-trial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B).

      6. **Consent to Have Case Decided Before a U.S. Magistrate Judge:** Pursuant to 28 U.S.C. § 636(c) the parties may consent to have a case proceed and be decided by the United States Magistrate Judge with final judgment entered by the Magistrate Judge. Because of the District Court's very busy docket, the parties may wish to consent to have this case decided by a Magistrate Judge. Within twenty-eight (28) days the parties **shall** file an advisory with this Court (using the attached form) stating whether the party consents to have this case proceed to final judgment before the undersigned Magistrate Judge or wishes to have this case proceed before a District Judge.

      **IT IS SO ORDERED**.

      SIGNED this 14th day of May, 2019.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **RAYMOND LUMSDEN, ET AL.,** | § § § § | |
| **Plaintiff** | | |
| vs. | § § § | **Civil Action** |
| | | **No. SA-19-CA-25-OLG** |
| **T.D.C.J. DIRECTOR LORIE DAVIS, ET AL.,** | § § § § | |
| **Defendants** | | |

# A D V I S O R Y   T O   T H E   C L E R K   O F   C O U R T

The undersigned party in the above captioned case elects as follows (please select only one of the following options):

☐ <u>I Consent to Proceed Before A United States Magistrate Judge in accordance with provisions of 28 U.S.C. § 636.</u> The undersigned party in the above captioned case waives the right to proceed before a United States District Judge and consents to have a United States Magistrate Judge conduct any and all further proceedings in this case, including rendering a decision, and to order the entry of final judgment. Any appeal shall be taken to the United States Court of Appeals for the Fifth Circuit in accordance with 28 U.S.C. § 636(c)(3).

☐ <u>I Do Not Consent to Proceed Before A United States Magistrate Judge</u>. The undersigned party in the above captioned case elects not to have this case decided by a United States Magistrate Judge, and prefers that this case proceed before the District Judge.

_____
      Party Name

By: _____     _____
      Signed by Attorney or Pro Se Party             Date